IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JOHN DOE,**

    **Plaintiff,**

**v.**                                                              Case No. 4:24-cv-391-AW-MAF

**TRULIEVE INC.,**

    **Defendant.**

_____/

**ORDER REGARDING "JOHN DOE" PLAINTIFF**

Plaintiff initiated this action under the name "John Doe," without identifying himself. ECF No. 1. This was improper. A plaintiff cannot proceed anonymously except in "exceptional cases." *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246 (11th Cir. 2020). Plaintiff has made no effort to show that this is such a case.

The general rule is that parties must identify themselves in their pleadings. *Id.* at 1247 (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Indeed, there is a "strong presumption in favor of parties' proceeding in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). This accounts for "the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *In re Chiquita*, 965 F.3d at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315); *accord id.* at 1246 ("A lawsuit is a public event, [and] parties who ask

1

a court to resolve a dispute must typically walk in the public eye." (cleaned up)). Although courts can grant exceptions, it is rare for them to do so. *Id.* at 1242.

To proceed anonymously, a plaintiff must first show that factors addressed in *SMU* favor privacy. *Plaintiff B*, 631 F.3d at 1316 (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). "Those factors include whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita*, 965 F.3d at 1247 (citing *Plaintiff B*, 631 F.3d at 1316). But the court should also analyze all other relevant circumstances to determine "whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316).

In any case, a plaintiff is not entitled to unilaterally omit his name without leave of court. Here, Plaintiff should have moved for leave to proceed anonymously. He must either do so now or amend his complaint.

Within fourteen days, Plaintiff must either (a) file an amended complaint in his own name or (b) file a motion for leave to file anonymously. If he chooses the latter, he must carefully explain why, under Eleventh Circuit precedent, this is an

"exceptional case" that justifies departure from the general rule. If Plaintiff does neither, the court will dismiss without prejudice.

There is a motion to dismiss pending. If Plaintiff amends, that will moot the motion. But Defendant may thereafter refile it directed at the amended complaint.

SO ORDERED on November 5, 2024.

                                            s/ *Allen Winsor*
                                            United States District Judge