UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

|  |  |
|---|---|
| JOHN DOE, on behalf of himself and all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> TRULIEVE INC., <br><br> *Defendant*. | Case No. 4:24-cv-00391-AW-MJF |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff John Doe, by and through his attorneys and pursuant to N.D. Fla. Local Rule 5.5(c), moves for leave to file the Plaintiff's Declaration in Support of Plaintiff's Motion for Leave to File Anonymously.

On November 19, 2024, Plaintiff filed his Motion for Leave to File Anonymously, arguing that his case presents "exceptional circumstances" warranting anonymity under Eleventh Circuit law. ECF No. 12. As argued in that motion, Plaintiff contends that disclosing his identity in the pleadings would effectively cause the very harm he seeks to prevent—public exposure of his status as a medical marijuana user. *Id.* at 9. Such disclosure would subject Plaintiff to workplace discrimination, for which he has no legal protection, *id.* at 8–9, and his status as a medical marijuana user likely qualifies as protected health information

under the Health Insurance Portability and Accountability Act, *id*. at 9–10.

Leave for Plaintiff to file his declaration in support of such motion under seal is warranted, if for no other reason, because the public filing of a declaration bearing his legal name would nullify the underlying motion's purpose. More importantly, however, as argued in that motion, the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1301 *et seq.*, "is intended to keep a person's protected health information strictly confidential." *Mathews v. Cole*, No. 6:21-CV-808-WWB-EJK, 2023 WL 1102653, at *1 (M.D. Fla. Jan. 30, 2023) (citing *OPIS Management Resources, LLC v. Secretary, Florida Agency for Health Care Admin.*, 713 F.3d 1291, 1293 (11th Cir. 2013)).

Protected health information (PHI) includes data that relates to an individual's physical or mental health condition, healthcare provision, or healthcare payment, which can identify or reasonably be expected to identify the individual. 45 C.F.R. §§ 160.103, 164.501. Because the possession of a medical marijuana certificate in Florida requires that a qualified physician "[d]etermine[] that the medical use of marijuana would likely outweigh the potential health risks for the patient," Fla. Stat. § 381.986, "HIPAA does in fact apply to the medical marijuana industry," *HIPAA Medical Marijuana Compliance*, COMPLIANCY GROUP, https://compliancy-group.com/hipaa-medical-marijuana-compliance/ (last accessed Nov. 19, 2024); Barak Cohen, et al., *Cannabis Companies Don't Overlook Data-Related Litigation*

2

*Risks*, ABA SciTech Law, Summer 2021, at 28, 30 ("medical marijuana companies . . . might collect and possess data" subject to HIPAA).

Federal courts in Florida routinely grant motions for leave to file under seal documentation containing HIPAA-protected information. *See Mathews*, 2023 WL 1102653, at *1 (permitting filing under seal of HIPAA-protected information); *Jones v. Teixeira*., No. 6:23-CV-1738-PGB-DCI, 2024 WL 4818499, at *2 (M.D. Fla. Nov. 18, 2024) (same); *Brese v. AMF Bowling Centers, Inc.*, No. 8:20-CV-2469-T-36CPT, 2020 WL 7385691, at *2 (M.D. Fla. Dec. 16, 2020) (same).

In accordance with established protections, then, the Court should grant leave for Plaintiff to file his declaration in support of Plaintiff's Motion to File Anonymously.

Dated: November 20, 2024                    Respectfully submitted,

/s/ Arturo Peña Miranda
Arturo Peña Miranda
Jennifer Czeisler*
Edward Ciolko*
STERLINGTON, PLLC
One World Trade Center, 85th Floor
New York, New York 10007
Tel.:  929-709-1493
arturo.pena@sterlingtonlaw.com
jen.czeisler@sterlingtonlaw.com
ed.ciolko@sterlingtonlaw.com

3

        Katherine M. Aizpuru (*pro hac vice*)
        TYCKO & ZAVAREEI LLP
        2000 Pennsylvania Avenue, NW
        Suite 1010
        Washington, D.C. 20006
        Tel.:  202-973-0900
        *kaizpuru@tzlegal.com*

        *Counsel for Plaintiff*

**\****Pro Hac Vice* forthcoming

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum, including body, headings, quotations, and footnotes, and excluding those portions exempt from the Rule, contains 470 words as measured by Microsoft Office.

*/s/ Arturo Peña Miranda*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. The foregoing document was served upon all counsel of record registered as ECF users.

*/s/ Arturo Peña Miranda*