**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**Case No.: 4:24-cv-00391**

JOHN DOE, on behalf of himself and all
others similarly situated,

*Plaintiff*,

v.

TRULIEVE INC.,

*Defendant.*

______________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE ANONYMOUSLY**

Defendant Trulieve Inc. ("Trulieve") hereby responds in opposition to Plaintiff's Motion for Leave to File Anonymously, ECF No. 12, and states the following in support:

## INTRODUCTION

"Lawsuits are public events." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). The publicity of court proceedings is not just ideological, but practical, giving assurance that the proceedings are conducted fairly and discouraging "perjury, the misconduct of participants, and decisions based on secret bias or partiality." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569 (1980). As such, Federal Rule of Civil Procedure 10(a) requires that every pleading in federal court "must

name all the parties." This rule not only protects the public's interest in knowing all of the facts involved, but it also protects the defendants, who may be subject to fundamental unfairness if they do not know the identity of their accusers. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). Thus, there is a strong presumption amongst the courts in favor of disclosure. *Id.*

Plaintiff fails to meet the high burden of demonstrating that his request for anonymity outweighs the customary openness in judicial proceedings. He cites outdated, generalized evidence that marijuana users may face social stigma or employment discrimination, but fails to provide evidence of his personal circumstances. He seeks to keep from the public information that is not of the utmost intimacy and of which he has no reasonable expectation of privacy. For these and many other reasons, the Motion should be denied.

## LEGAL STANDARD

To proceed anonymously, a plaintiff must demonstrate, with specific evidence, that the need for privacy and "interest in access to the judicial system outweighs the public's interest in judicial openness." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246 (11th Cir. 2020) (citing *Frank*, 951 F.2d at 324). Factors to be considered include whether plaintiff (1) "is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage

in illegal conduct and thus risk criminal prosecution." *Id.* (citing *Plaintiff B*, 631 F.3d at 1316). That said, the court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* Courts may also consider whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity in the pleadings, *Doe*, 951 F.2d at 324 n.6 (1992) (citing *Roe v. Ingraham,* 364 F. Supp. 536 (S.D.N.Y.1973)).

## ARGUMENT

Plaintiff does not argue that he is entitled to privacy because he is challenging government activity or that he would be compelled absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution. Rather, he argues (1) he risks severe professional repercussions and stigma as a medical marijuana user, ECF No. 12 at 8-9, (2) the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity in the pleadings, *Id.* at 6-7, and (3) disclosure of Plaintiff's marijuana use would contradict HIPAA protections, *Id.* at 9. None of these arguments is supported by specific evidence, none is supported by the law, and Plaintiff has no reasonable expectation of privacy here, so the Motion should be denied.

**1. Plaintiff has not shown that he risks severe professional repercussions and stigma as a medical marijuana user.**

Plaintiff has failed to meet his burden to establish, by specific evidence, that he will suffer severe professional repercussions and stigma unless he is permitted to proceed anonymously. In *In re: Chiquita Brands Int'l, Inc.*, the Eleventh Circuit considered a request by plaintiffs to proceed pseudonymously. Plaintiffs sued Chiquita Brands for their role in paying paramilitary groups to quell labor unrest in the banana-growing regions of Columbia, and sought to proceed pseudonymously given their fear of paramilitary retribution. 965 F.3d at 1242-43. Plaintiffs cited as evidence of the risk of violence the fact that "[p]aramilitaries allegedly threatened and attacked a named bellwether plaintiff and her family four months after her deposition." *Id.* at 1248. The court explained that while a plaintiff was attacked, there was insufficient evidence to demonstrate a causal connection between the litigation and the attack. *Id.* Plaintiffs also cited general evidence suggesting that people who oppose paramilitary groups risk facing paramilitary violence. *Id.* "But the pseudonymous appellants gave no evidence to establish that *they* in fact face a greater risk of harm." *Id.* (emphasis added). Ultimately, the court held that this evidence was either too attenuated or too generalized to find that plaintiffs faced a genuine risk of violence, and consequently plaintiffs failed to show that their privacy rights outweighed the presumption of judicial openness.

The ruling in *Chiquita* applies with even greater force here as Plaintiff fails to cite any evidence whatsoever that he specifically would suffer as a result of disclosure. Plaintiff argues that he should proceed anonymously because marijuana use is generally stigmatized, and marijuana users generally face discrimination in the workplace. ECF No. 12 at 2. He cites Andrew D. Hathaway, et al., *Cannabis normalization and stigma: Contemporary practices of moral regulation*, 11 BRITISH SOC. CRIMINOLOGY 451 (2011), which claims "marijuana users still face the threat of legal sanctions and experiences of stigma." ECF No. 12 at 3. But this hearsay publication is over a decade old and predates the 2016 legalization of medical marijuana in Florida, which passed with 71.3% voter approval.[1] While the publication Plaintiff cites may support the idea that marijuana use was stigmatized in 2011, it does not establish social stigma today, let alone by this specific Plaintiff for his use of medical marijuana in Florida in 2024.

Plaintiff also cites marijuana's categorization as a Schedule I controlled substance under the Controlled Substance Act as evidence of marijuana's stigma. ECF No. 12 at 8. Yet he fails to address the fact that the Department of Justice has submitted a proposed regulation to reschedule marijuana, emphasizing as support its

---

[1] *See* Florida Division of Elections, *2016 General Election Results: Use of Marijuana for Debilitating Medical Conditions*, https://results.elections.myflorida.com/Index.asp?ElectionDate=11/8/2016&DATAMODE=.

accepted medical use.[2] Over 70 percent of voters in Florida supported the use of medical marijuana, and federal policy is moving along the same path of acceptance. Plaintiff cannot overcome a presumption of judicial openness with the evidence he has provided.

Plaintiff's claim that medical marijuana users may suffer from workplace discrimination is also insufficient to establish that *he* is likely to suffer from workplace discrimination. Plaintiff cites generally Donald M. Trujillo, et al., *Reactions to Employer Policies Regarding Prescription Drugs and Medical Marijuana: The Role of Safety Sensitivity*, 28 J. BUS. & PSYCH. 145 (2013) and Gregory A. Hearing & Matthew A. Bowles, *Medical Marijuana's Effect on Employment Law: The Smoke is Clearing*, 91 FLA. BAR J. 30 (2017), to support the idea that Florida employers may discriminate against medical marijuana users. ECF No. 12 at 4-5. But like the plaintiffs in *Chiquita*, who failed to show that they were personally at risk of paramilitary violence, Plaintiff has not shown that *he* in particular is likely to face workplace discrimination, as he has not alleged that he currently works for an employer who enforces a drug-free policy. That he may seek to enter the medical field is too speculative to warrant proceeding anonymously.

---

[2] *See* Press Release, DOJ Office of Public Affairs, *Justice Department Submits Proposed Regulation to Reschedule Marijuana*, (May 16, 2024) https://www.justice.gov/opa/pr/justice-department-submits-proposed-regulation-reschedule-marijuana.

Lastly, Plaintiff claims the disclosure of his use of medical marijuana will result in potential social stigma ECF No. 12 8-9; however, his marijuana use is not considered information of the "utmost intimacy" justifying anonymous proceedings.

Courts have been reserved in ruling that information is of the utmost intimacy, and therefore due to be protected, largely limiting that categorization to cases dealing with abortion and personal religious beliefs. *Plaintiff B*, 631 F.3d at 1316 (collecting cases). "[T]he fact that Doe may suffer some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym." *Frank*, 951 F.2d at 324. In *Frank,* the court held that the plaintiff was not entitled to proceed anonymously to prevent the disclosure of his alcoholism at the center of his employment claim. *Id.* Plaintiff has not provided evidence that the social stigma of using medical marijuana is greater than the social stigma of alcoholism. Accordingly, Plaintiff should not be permitted to proceed anonymously where he is not required to disclose information of the utmost intimacy.

**2. The injury litigated against would not be incurred as a result of disclosure.**

A court may permit a plaintiff to proceed anonymously if "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Frank*, 951 F.2d at 324. But this rule only applies to plaintiffs who seek prospective relief. In *Roe v. Ingraham*, a case cited in *Doe v. Frank*, the plaintiffs were permitted to proceed anonymously because they were prospectively seeking a temporary

restraining order to enjoin a New York statute that would permit the Department of Health to collect and compile the identities of patients prescribed certain controlled substances. 364 F. Supp. 536, 540 (S.D.N.Y. 1973).

The Eleventh Circuit distinguished the prospective relief sought in *Ingraham* from that sought by the plaintiff in *Doe v. Frank*, who alleged that he was fired from his government job because of his alcoholism. 951 F.2d at 324. The court explained that "[t]he injury litigated against—employment discrimination—ha[d] already occurred," and plaintiff was therefore not entitled to proceed anonymously. *Id. See also Luo v. Wang*, 71 F.4th 1289, 1300 (10th Cir. 2023) (holding the injury litigated against would not be incurred because of the disclosure of her identity because the alleged disclosure of private information had already occurred).

In this case, the injuries Plaintiff seeks to redress are that Trulieve collected and disclosed marginally more data than that to which he explicitly consented, and he has been deprived of the monetary value of data provided to third-party advertisers. Plaintiff is primarily seeking damages for injuries that have already occurred. Like the plaintiff in *Frank*, he is not entitled to proceed anonymously for injuries which have already occurred.

To the extent that Plaintiff seeks prospective relief, the injury he wants to prevent through this litigation—disclosure to third-party advertisers—is different from the injury he seeks to prevent by proceeding anonymously—disclosure to the

public at large. Plaintiff claims, without a modicum of support, that if he is required to proceed under his own name third-party advertisers would gain access to this information. This is unsupported by any evidence, and therefore is not a proper basis for the Court to allow Plaintiff to proceed anonymously.

**3. Disclosure of Plaintiff's identity would not contradict HIPAA protections.**

Plaintiff's claim that the disclosure of his identity would contradict the Health Insurance Portability and Accountability Act ("HIPAA") fails for several reasons. ECF No. 12 at 9-10. At the outset, Trulieve is not a covered entity under HIPAA. Health and Human Services has yet to issue a rule or guidance suggesting that any marijuana dispensaries are covered entities. Plaintiff's citations to ABA SciTech Law and COMPLIANCY GROUP, ECF No. 12 at 5, are insufficient to overcome this lack of binding law on this subject.

That said, even if Trulieve were a covered entity under HIPAA, disclosure of Plaintiff's identity in relation to his use of medical marijuana would not contradict HIPAA protections. The cases cited by Plaintiff support the idea that *actual medical records*—not the passing reference to a medical condition—should be filed under seal. They do not suggest that Plaintiff may proceed anonymously simply because medical issues may be raised in the litigation.

In *Mathews v. Cole*, the court granted leave for plaintiff to file expert reports under seal, because they contained "significant discussions of Plaintiff's private

medical records," information which is "protected by HIPAA." No. 6:21-CV-808-WWB-EJK, 2023 WL 1102653, at *1 (M.D. Fla. Jan. 30, 2023). Plaintiff did not proceed anonymously, despite the intimate allegations that she suffered from assault, battery, sexual assault, sexual battery, stalking, false imprisonment, emotional abuse, as well as both physical and emotional injury. *See Mathews v. Cole*, No. 6:21-CV-808-WWB-EJK, ECF No. 1 (M.D. Fla. May 10, 2021).

Similarly, in *Jones v. Teixeira*, the court entered an order setting guidelines for how personal health information could be disclosed without violating HIPAA, and telling counsel that if any party "wishes to file [personal health information] with the Court, it must be submitted with a motion for filing under seal," and directing the clerk how to handle that information. No. 6:23-CV-1738-PGB-DCI, 2024 WL 4818499, at *2 (M.D. Fla. Nov. 18, 2024). Again, plaintiff did not proceed anonymously despite the personal details of having been attacked by a correctional officer and consequent medical injuries suffered. *Jones v. Teixeira,* No. 6:23-CV-1738-PGB-DCI, ECF No. 1 (M.D. Fla. Sep. 8, 2023).

Thus, while the cases Plaintiff cites suggest that medical records pertinent to the case may be filed under seal, they do not support the argument that Plaintiff is entitled to proceed anonymously. That Plaintiff must proceed under his own name is supported by the case law addressing whether plaintiffs should be permitted to proceed anonymously. "[T]he fact that a case involves a medical issue is not a

sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Alexandra H. v. Oxford Health Ins., Inc.*, No. 11-23948-CIV, 2012 WL 13194941, at *1 (S.D. Fla. Mar. 23, 2012) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

Further distinguishing this case from the cases cited by Plaintiff, the plaintiff in *Alexandra H.*, was allowed to proceed anonymously, in part, due to the pivotal role her medical records would play in the case. The court explained "allowing Plaintiff to proceed anonymously is preferable to requiring the filing of sealed medical [records]…which is a greater restriction upon the public's access to information than is allowing Plaintiff to proceed under a pseudonym." *Id.* When balancing the public's access to information, the court determined that filing medical records under seal would be more restrictive than plaintiff proceeding anonymously. Here, Plaintiff's medical records would be largely irrelevant to his claims that Trulieve disclosed his browsing history and name to third parties. As such, this Court need not balance the filing of sealed records against proceeding anonymously, and Plaintiff can reasonably be required to proceed under his own name without otherwise restricting the public's access to information.

**4. Plaintiff has no reasonable expectation of privacy in his Trulieve browsing history.**

Finally, as Trulieve addressed in its Motion to Dismiss, ECF No. 6, Plaintiff's expectation that this information would ever be private—and therefore he should be entitled to proceed anonymously—is unreasonable. The U.S. Supreme Court "consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 744 (1979). In *United States v. Miller*, for example, the Supreme Court held that a bank depositor has no "legitimate 'expectation of privacy'" in financial information "voluntarily conveyed to . . . banks and exposed to their employees in the ordinary course of business." 425 U.S. 435 at 442–444 (1976). This is because a depositor takes the risk, by sharing information with a third party, that the information will be disclosed to another. *Id.*

The information Plaintiff seeks to hide from public disclosure has been voluntarily disclosed to Trulieve as a third party, with full knowledge that the information would then be shared with additional third parties. ECF No. 1 ¶¶ 23-24. In the Cookies Acceptance Form, Plaintiff "agreed to [Trulieve's] use of cookies" by using Trulieve's website. ECF No. 1 ¶ 30; ECF No. 6 Ex. A. And the Privacy Policy made clear that personal information would be shared with the Florida Department of Health's Compassionate Use Registry and with AdTech companies in order to provide "advertising or marketing services." ECF No. 1 ¶¶ 23-24; ECF

No. 6 Ex. B. As such, Plaintiff had no plausible or reasonable expectation that information he shared with Trulieve would remain private, and he cannot now enter an open forum of the judiciary continuing to expect that this information be kept private from the public.

**CONCLUSION**

Ultimately, Plaintiff has failed to meet the high burden necessary to overcome the presumption of judicial openness. As such, the Motion to Proceed Anonymously should be denied, and Plaintiff should be directed to amend his complaint with his real name.

DATED this 4th day of December, 2024.

Respectfully submitted,
By: /s/ *Grace L. Mead*
GRACE L. MEAD
Florida Bar No. 49896
gmead@stearnsweaver.com
ANDREA N. NATHAN
Florida Bar No. 16816
anathan@stearnsweaver.com
HANNAH E. MURPHY
Florida Bar No. 1032759
hmurphy@stearnsweaver.com
STEARNS WEAVER MILLER
WEISSLER ALHADEFF &
SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200

(305) 789-3200
Facsimile: 305-789-3395
(305) 789-3395

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was furnished to all counsel of record in CM/ECF.

*s/ Grace L. Mead*
Filing Attorney