IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN DOE,

    **Plaintiff,**

v.                                                Case No. 4:24-cv-391-AW-MAF

TRULIEVE INC.,

    **Defendant.**

_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE ANONYMOUSLY

    Plaintiff John Doe buys marijuana over the internet from Trulieve. He sued Trulieve, contending it improperly disclosed that fact to others. He alleges, among other things, common law invasion of privacy, breach of contract, violation of Florida's deceptive and unfair trade practices act, and violation of the federal Electronic Communications Privacy Act. ECF No. 1. At issue now is Plaintiff's request to proceed anonymously as "John Doe" rather than in his real name. ECF No. 12. Because Plaintiff has not shown this to be the rare case in which anonymous pleading is justified, he must proceed in his own name.

    As noted in my earlier order (which I incorporate here), "a lawsuit is a public event, and parties who ask a court to resolve a dispute must typically walk in the public eye." ECF No. 7 (quoting in parenthetical *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1242 (11th Cir. 2020) (cleaned up)). "District courts, acting within their discretion, can grant exception from this rule. But it is rare for a district court

1

to grant privacy protections for a party." *In re Chiquita*, 965 F.3d at 1242; *see also Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). Nevertheless, Plaintiff contends he can overcome the presumption of openness.

In considering requests like Plaintiff's, courts must consider all the circumstances. *In re Chiquita*, 965 F.3d at 1247 n.5. Three specific factors are key: first, whether the party seeking anonymity is challenging government activity; second, whether revealing his identity would disclose information of "utmost intimacy"; and third, whether revealing his identity would expose him to criminal prosecution by disclosing his intent to engage in illegal conduct. *Id.* at 1247. But these factors are just a starting point. Courts must consider other circumstances, like whether the plaintiff is a minor, whether there is any threat of physical harm, and "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.*

Here, Plaintiff does not challenge government activity, and he does not claim any threat of criminal prosecution.[1] He is not a minor, and there is no hint of physical

---

[1] Generally speaking, Florida does not to criminalize the medical use of marijuana. Possessing marijuana (even for medical purposes) nonetheless remains a federal crime, but Plaintiff has not alleged any meaningful threat of prosecution. And the federal government currently does not prosecute individuals using marijuana for medical purposes, as Plaintiff says he is. *Cf. Standing Akimbo, LLC v. United States*, 141 S. Ct. 2236 (2021) (Thomas, J., statement respecting denial of certiorari) (explaining that "in every fiscal year since 2015, Congress has prohibited the

harm. His argument is that marijuana use is "highly stigmatized"; that disclosing his marijuana use would thwart the lawsuit's purpose; and that his marijuana use "likely" qualifies as protected information under HIPAA. But Plaintiff has not shown enough. He has not shown any privacy interest that "outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

First, Plaintiff has not shown that marijuana use is "highly stigmatized." Many people frown on it, of course, but there are hundreds of dispensaries in Florida from which people openly come and go daily. Voters approved a constitutional amendment removing criminal penalties for medical use of marijuana. Fla. Const. art. X, § 29. And more than half recently voted to remove criminal penalties for recreational use.[2] Under these circumstances, Plaintiff has hardly shown his conduct is "highly stigmatized." *Cf. Frank*, 951 F.2d at 324 n.6 (rejecting argument "that the disclosure of alcoholism is revealing information of the utmost intimacy"); *id*. at 324 ("We find no abuse of discretion in the district court's implicit conclusion that the stigma involved in Doe's disclosure [of alcoholism] does not rise to the level

---

Department of Justice from spending funds to prevent states' implementation of their own medical marijuana laws") (cleaned up).

[2] *See* Florida Division of Elections, *2024 General Election Results: Adult Personal Use of Marijuana*, accessible at https://results.elections.myflorida.com/.

3

necessary to overcome the presumption of openness in judicial proceedings or the explicit requirements of Rule 10(a)."). All Plaintiff points to are law review articles from 2011 and 2013 (before Florida decriminalized medical marijuana), *see* ECF No. 12 at 3-4, along with the fact that marijuana is still federally classified as a Schedule I substance, *id.* at 4. This is insufficient to show any serious stigma.

Plaintiff also suggests (albeit vaguely) that he will suffer particular consequences because he works in the medical profession, where marijuana use is discouraged. *See* ECF No. 12 at 8-9; *see also* ECF No. 15 ¶ 11 (Plaintiff's declaration: "In my experience, the stigma against medical marijuana users persists across healthcare professions, impacting medical marijuana users' opportunity to find and retain employment in the field."). But general allegations that others often suffer harm are insufficient in this context. *In re Chiquita*, 965 F.3d at 1248. Plaintiff has fallen far short of actually demonstrating *he* will suffer professional consequences from any disclosure of his marijuana use; his vague affidavit is not real evidence of specific harms (professional or otherwise) that he will face. *See id*. Regardless, negative real-world consequences do not suffice. A plaintiff is not entitled to anonymity just because his employer may disapprove of conduct that comes to light through his litigation. *Cf. Frank*, 951 F.2d at 324 (rejecting argument that plaintiff's having "to face the disapproval of many in his community if he is

4

required to prosecute this case under his real name" as justifying anonymous pleading).

In suggesting otherwise, Plaintiff relies on the nonbinding decision in *Alexandra H. v. Oxford Health Insurance, Inc.*, 2012 WL 13194941 (S.D. Fla. Mar. 23, 2012). In that case, the district court explained that "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Id.* at *1 (quoting *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997)). But the court determined that several factors, including the risk of self-harm by the plaintiff (who had a history of serious mental illness) and the likelihood of extreme embarrassment if her name were revealed, "[took] the case beyond one that merely involve[d] a medical issue." *Id.*; *cf. Frank*, 951 F.2d at 324 ("Courts have permitted plaintiffs to proceed anonymously in cases involving mental illness . . . ."). Plaintiff has not established similar factual circumstances here.

Next, requiring Plaintiff to proceed under his real name would not cause the same injury he is litigating against. In some circumstances, a plaintiff can proceed anonymously when revealing his name would undermine the lawsuit's purpose by causing the injury the lawsuit seeks to prevent. *Id.* at 324 n.6. But as Plaintiff acknowledges here, that consideration only applies to risk of *future* harms. And

5

Plaintiff did not limit his request to injunctive relief but instead seeks compensatory and punitive damages to remedy alleged *past* harms. Here, as in *Frank*, Plaintiff is litigating injury that "has already occurred." *Id.*

Finally, disclosure of Plaintiff's name would not "contradict" HIPAA protections. ECF No. 12 at 9-10. While Plaintiff is correct that "exclusion of HIPAA-protected information from the public record is often a valid reason for filing under seal," *id.* at 6, that normally occurs when medical records are central to a case, as Plaintiff's cited cases illustrate. *See id.* (citing *Mathews v. Cole*, 2023 WL 1102653, at *1 (M.D. Fla. Jan. 30, 2023); *Jones v. Teixeira.*, 2024 WL 4818499, at *2 (M.D. Fla. Nov. 18, 2024)). And in any case, filing medical records under seal is a different remedy from the anonymous filing Plaintiff seeks.[3]

The bottom line is that even if "Plaintiff's medical marijuana information qualifies as PHI under HIPAA," ECF No. 12 at 9, that would not provide a basis for anonymous pleading. Otherwise, seemingly any case involving medical care—medical malpractice cases, products liability cases against drug manufacturers,

---

[3] There is no indication that Plaintiff's medical records would be at issue here, and if they were, the court and the parties could address any privacy issues when such records are presented.

etc.—could proceed anonymously. That is not the law, and Plaintiff cites no case suggesting HIPAA's protections justify anonymous pleading.[4]

\* \* \*

Considering all the circumstances, I conclude "[t]his case does not present such an unusual situation in which the need for party anonymity outweighs the presumption of openness." *Frank*, 951 F.2d at 324. In short, this is not "the exceptional case in which a plaintiff may proceed under a fictitious name." *Id.* at 323.

Plaintiff's motion for leave to file anonymously (ECF No. 12) is DENIED. Plaintiff's complaint (ECF No. 1) is STRICKEN. Within seven days, Plaintiff may file an amended complaint in his own name. His failure to do so will result in entry of a judgment dismissing all claims without prejudice.

Trulieve's motion to dismiss (ECF No. 6) is DENIED as moot.

SO ORDERED on December 19, 2024.

s/ *Allen Winsor*  
United States District Judge

---

[4] One final point. Although the parties do not much discuss harm to Trulieve, it bears noting that, as in *SMU*, the Defendant here "stand[s] publicly accused of serious violations of federal law" and that "[b]asic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).