# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

## Case No.: 4:24-cv-00391

MARK ROBINSON, on behalf of himself and all
others similarly situated,

      *Plaintiff*,

v.

TRULIEVE INC.,

      *Defendant.*

_____/

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

Grace L. Mead
Andrea N. Nathan
Hannah E. Murphy
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, p.a.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida  33130

April 10, 2025

# TABLE OF CONTENTS

INTRODUCTION ...............................................................................................1

ARGUMENT ....................................................................................................2

     I.      Plaintiff does not have Article III standing. ...........................................2

          A.     Plaintiff fails to allege a privacy injury. ....................................2

          B.     The data privacy cases Plaintiff relies upon have no applicability here...................................................................5

          C.     Plaintiff has not suffered a pecuniary injury..............................7

     II.     Plaintiff does not state a claim under the ECPA. ................................10

CONCLUSION................................................................................................12

CERTIFICATE OF SERVICE ..........................................................................13

**INTRODUCTION**

To establish standing, "the plaintiff needs to show that the defendant harmed him, and that a court decision can either eliminate the harm or compensate for it." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020). Even assuming all of the facts in his Complaint are true, Plaintiff was not harmed by Trulieve's alleged disclosure of information to third-party advertisers. At most, non-private information was shared with a discrete number of third parties. Information was not disclosed to the public. Trulieve did not intrude into Plaintiff's private quarters. Plaintiff has not been the victim of identity theft nor is he at risk of identity theft. And Plaintiff has not suffered pecuniary damages. Despite this, Plaintiff claims he and proposed Class Members suffered privacy harms and pecuniary harms entitling them to relief under eight different causes of action. For the reasons below and in the Motion to Dismiss, all of the counts are unsupported by law and the alleged facts and should be dismissed.[1]

---

[1] References to "Resp." are to Plaintiff's Opposition to Motion to Dismiss (DE 34). References to "DE __" are to prior docket entries in this case. Throughout this memorandum, emphasis is added and internal citations, quotations, ellipses, and brackets are omitted unless otherwise indicated.

1

**ARGUMENT**

**I.    Plaintiff does not have Article III standing.**

**A.    Plaintiff fails to allege a privacy injury.**

Plaintiff argues he and proposed Class Members suffered injury by way of "invasion of their privacy rights and loss of their privacy and confidentiality." Resp. at 12. In doing so, Plaintiff conflates two distinct invasion of privacy injuries—publication of private facts and intrusion upon seclusion—and still fails to allege facts necessary to demonstrate essential elements of each tort. As to publication of private facts, Trulieve did not publicize Plaintiff's private information, because even assuming the facts alleged in the Amended Complaint are true, Trulieve only conveyed the information to a discrete number of third parties. As to intrusion upon seclusion, Trulieve did not intrude into Plaintiff's private quarters, because he had no reasonable expectation of privacy in the information he shared with Trulieve.

The facts alleged by Plaintiff are similar to *Hunstein v. Preferred Collection and Management Services, Inc.*, 48 F.4th 1236, (11th Cir. 2022) (en banc). In *Hunstein,* the plaintiff's medical debt information was shared with a mail vendor to send plaintiff debt collection notices. *Id.* at 1240. The court explained to have an Article III injury under a publication of private facts, the private matter must be "made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id.* at 1246 (quoting Restatement (Second) of Torts § 652D cmt. a).

2

The court explained the information was not publicized, so the plaintiff was not harmed under a public disclosure of private facts theory. *Id.*

Here, Plaintiff's browsing history from Trulieve.com was allegedly shared with third-party advertisers. Similar to the plaintiff in *Hunstein*, Plaintiff's information was not publicized, so he cannot claim to have been harmed by a public disclosure of private facts. The cases Plaintiff cites in support of his contention that he has suffered from a public disclosure of private facts undermine his own argument. Indeed, the cases make clear disclosure must be made to the "public at large or to so many persons that the matter must be regarded as *substantially certain* to become public knowledge." *Williams v. City of Minneola*, 575 So. 2d 683, 689 (Fla. 5th DCA 1991) (emphasis added).[2] Plaintiff has not alleged that his browsing information was shared to the public at large by being posted openly on the internet or through a news publication. Nor has Plaintiff alleged that his browsing

---

[2] In each case Plaintiff cites, the court found there was publicity because the plaintiff had alleged information was shared with the public, *Conradis v. Buonocore*, No. 6:18-CV-1486-EJK, 2021 WL 4243720, at *5 (M.D. Fla. Sept. 17, 2021) (information was shared on the internet); or the information was shared widely, *Selinger v. Kimera Labs, Inc.*, No. 20-CV-24267, 2022 WL 34444, at *8 (S.D. Fla. Jan. 3, 2022) (plaintiff alleged a "campaign" to ruin her reputation); *Smith v. Volusia Cnty., Fla.,* No. 6:11-CV-35-ORL-28GJK, 2011 WL 1598741, at *1 (M.D. Fla. Apr. 28, 2011) (plaintiff alleged the information became "widely known"). Conversely, the court held there was no publicity where the information was shared with only a few people. *Williams*, 575 So. 2d at 689; *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1315 (11th Cir. 1989).

information was shared to so many people that the public is substantially certain to gain access to it. Accordingly, Plaintiff fails to allege that he has been injured by public disclosure of private facts.

The same way Plaintiff failed to allege publication, he fails to allege an essential element of intrusion upon seclusion—a reasonable expectation of privacy. The U.S. Supreme Court "consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 744 (1979), *see also United States v. Miller* 425 U.S. 435 at 442–444 (1976) (holding a bank depositor has no "legitimate 'expectation of privacy'" in financial information voluntarily conveyed to banks). Further, there is no reasonable expectation of privacy in information revealed to a third party, like Trulieve, "even if the information is revealed on the assumption that it will be used only for a limited purpose and that confidence placed in the third party will not be betrayed." *United States v. Gayden*, 977 F.3d 1146, 1151 (11th Cir. 2020) (quoting *Presley v. United States*, 895 F.3d 1284, 1291 (11th Cir. 2018)).

As explained in the Motion to Dismiss, Trulieve puts consumers on notice about data collection with the Cookies Acceptance Form, and potential sharing with third parties with the Privacy Policy. Confused though he may have been, Plaintiff cannot reasonably claim he expected total privacy in his Trulieve browsing data. Thus, the information Plaintiff shared with Trulieve by filling out web forms and

4

browsing the website is not entitled to a reasonable expectation of privacy, even if

Plaintiff expected that information only be used for limited purposes.

> **B.    The data privacy cases Plaintiff relies upon have no applicability here.**

In support of his claim that the disclosure of his Trulieve browsing history to

third-party advertisers gives rise to Article III standing, Plaintiff cites three cases

but none apply here.  Resp. at 13.

Plaintiff cites a single case from the Eleventh Circuit. In *Perry v. Cable News*

*Network, Inc.*, 854 F.3d 1336, 1340–41 (11th Cir. 2017), the court analogized a

statutory violation of the Video Privacy Protection Act ("VPPA"), to an "invasion

of privacy," comparing the statutory injury to some combination of publication of

private facts and intrusion upon seclusion. *Id.* at 1341. The court did not address

every element of each injury, choosing instead to assess the comparator torts more

generally. But two more recent en banc cases from the Eleventh Circuit make clear

that to establish Article III standing, the court must ensure that each element of the

common-law tort be present to establish a concrete injury.[3] This is because common

law claims, unlike statutory violations, have not been "elevate[d] to the status of

---

[3] *See Hunstein,* 48 F.4th at 1236; *see also Drazen v. Pinto*, 74 F.4th 1336, 1345 (11th Cir. 2023) (en banc) (comparing intrusion upon seclusion to violations of the TCPA and finding "none of the elements for the common-law comparator tort are completely missing").

legally cognizable injuries . . .” by Congress. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 578 (1992)).

Plaintiff’s reliance on *In re Fortra File* also fails. In *In re Fortra File,* the plaintiffs alleged loss of privacy in addition to a variety of other injuries. *In re Fortra File Transfer Software Data Sec. Breach Litig*., No. 23-CV-60830-RAR, 2024 WL 4547212, at *5 (S.D. Fla. Sept. 18, 2024). The court explained that plaintiffs had established standing by alleging substantial risk of imminent future harm, coupled with mitigation efforts. *Id.*  No such allegations have been made here.

Plaintiff’s reliance on *In re Mednax Services Inc.* is similarly misguided. Plaintiff contends that *In re Mednax Services Inc. Customer Data Sec. Breach Litig*., supports the argument that invasion of privacy is enough to establish Article III standing. Resp. at 13. In fact, the court stated the exact opposite. 603 F. Supp. 3d 1183, 1204–05 (S.D. Fla. 2022). The court explained that allegations of loss of privacy from a data incident, without more, is not enough to establish injury-in-fact, but that plaintiffs had alleged substantial and imminent risk of future identity theft. *Id.* Similarly, in *Bohnak v. March & McLennan Companies, Inc.,* the plaintiff alleged her highly sensitive personal information was stolen by an unauthorized actor. 79 F.4th 276, 281 (2d Cir. 2023). The court explained that plaintiff had alleged a concrete *and* imminent injury, because “a targeted hack that exposed [plaintiff’s] name and SSN to an unauthorized actor are sufficient to suggest a substantial

likelihood of future harm, satisfying the 'actual or imminent harm' component of an injury in fact." *Id.* at 289.

Unlike the plaintiffs in *In re Mednas Services Inc., In re Fortra File*, and *Bohnak*, the Plaintiff has not alleged he is at risk of identity theft, or that he has taken any concrete action to avoid that risk. Accordingly, Plaintiff's allegations of loss of privacy, without more, are insufficient to establish Article III standing.[4]

### C.    Plaintiff has not suffered a pecuniary injury.

Plaintiff argues he and proposed Class Members have suffered "pecuniary loss from the sale of their private data to third parties and the resulting loss of value of their private information… the loss of the benefit of their bargain with Trulieve… and the diminishment of their property rights in their PII and PHI." Resp. at 13. But his complaint states no more than conclusory allegations not entitled to an assumption of the truth.

---

[4] Plaintiff's reliance on cases from other circuits is similarly unavailing. In *In re Facebook, Inc. Internet Tracking Litigation*, plaintiffs alleged facts sufficient to state a claim for invasion of privacy where "Facebook continued to collect their data *after* they had logged off the social media platform… including what they did *when they were not using Facebook*." 956 F.3d 589, 598–99 (9th Cir. 2020) (emphasis added). Similarly, in *In re: Google Inc. Cookie Placement Consumer Privacy Litig.*, the plaintiff alleged Google was "bypassing Safari and Internet Explorer privacy settings and tracking internet-user information." 934 F.3d 316, 321 (3d Cir. 2019). Here, Plaintiff does not allege Trulieve tracked any more information than necessary to make an online purchase, rather he alleges it was shared with marginally more parties than he expected.

As explained in Trulieve's Motion to Dismiss, Plaintiff's claim that his data has independent monetary value is a legal conclusion courts have largely found is not entitled to an assumption of the truth. *Fraga v. UKG, Inc.*, 22-20105-CIV, 2022 WL 19486310, at *11 (S.D. Fla. May 10, 2022) ("[T]he allegation that Plaintiffs have a property interest in their PII is a legal conclusion, and an unsupported one at that. It is therefore entitled to no assumption of truth.") (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).[5] In the end, the plaintiff in *Fraga* did not adequately allege a devaluation of Plaintiffs' PII —"even assuming a legitimate market for their PII exists"—because he did not allege with particularity any facts explaining how his personal identity information is less valuable than it was before. *Fraga*, 2022 WL 19486310, at *12.

Plaintiff similarly did not allege how his Trulieve browsing history has independent monetary value diminished through disclosure to third-party advertisers. He did not allege he had any actual intention to sell his personal data to these third-party advertisers, nor that any of these third-party advertisers is in the business of soliciting data personally from people like Plaintiff. Accordingly, his

---

[5] "Courts have largely rejected the theory that an individual's personal identifying information has an independent monetary value." *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 380 F. Supp. 3d 1243, 1257 (M.D. Fla. 2019) (citing *Welborn v. Internal Revenue Serv.*, 218 F.Supp.3d 64, 78 (D.D.C. 2016) (collecting cases).

claim that his browsing history of Trulieve has monetary value that he has been deprived of is entirely unsupported by the facts alleged.

Furthermore, Plaintiff's claim that he has lost the benefit of the bargain with Trulieve is unsupported by the facts, where he has not alleged any sort of bargain for personal information. The product Plaintiff purchased was marijuana. The product Plaintiff bargained for was marijuana. In *In re 21st Century Oncology Customer Data Sec. Breach Litig.*, the court flatly rejected the same type of bargain theory of damages, because there were "no factual allegations demonstrating that the Parties *mutually agreed* that any portion of the sums paid from Plaintiffs to Defendants would be allocated to data security." *Id.* at 1257. Similarly, in *In re Brinker Data Incident Litig.*, the court explained the property that was subject of the consumer transaction was the food and drinks purchased, and "[p]laintiffs' personal information is merely 'other property.'" 2020 WL 691848 at *13 (M.D. Fla. Jan. 27, 2020) (holding plaintiffs were therefore unable to recover consequential damages in a FDUTPA claim). Plaintiff has not sufficiently alleged Trulieve would change the price of the marijuana in exchange for the opportunity to share his data with third parties. As such, Plaintiff cannot be denied the benefit of a bargain that never existed.

9

## II.    Plaintiff does not state a claim under the ECPA.

Where a defendant is a party to a communication, or consent was obtained, the statute can only be violated if the interception was "for the purpose of committing any criminal or tortious act." *Lucas v. Fox News Network, LLC*, 248 F.3d 1180 (11th Cir. 2001). To fall within this category "the defendant must have the intent to use the illicit recording to commit a tort or crime *beyond the act of recording itself* . . . . [as a] simultaneous tort arising from the act of recording itself is insufficient." *Caro v. Wientraub*, 618 F. 3d 94, 98 (2d Cir. 2010) (emphasis added). While Plaintiff has pleaded, "Trulieve had a purpose that was tortious, criminal, and designed to violate statutory and constitutional privacy provisions," (Compl. ¶ 125), this is merely a conclusory legal allegation not entitled to an assumption of truth. Plaintiff goes on to allege Trulieve had the intent of committing torts of (1) disclosure of personal health information, (2) intrusion upon seclusion, (3) trespass, and (4) fraud. But, again, these legal labels and conclusions are unsupported by any well-pleaded facts.

At the outset, disclosure of personal health information is a violation of HIPAA if disclosed by a covered entity without the proper consent. Again, the cases Plaintiff cites are unsupportive of his arguments. In each, the defendant was an entity explicitly covered by HIPAA. *Gay v. Garnet Health*, No. 23-CV-06950 (NSR), 2024 WL 4203263, at *3 (S.D.N.Y. Sept. 16, 2024) (disclosure of healthcare

10

information by a covered entity in violation of HIPAA); *Cooper v. Mount Sinai Health Sys., Inc.*, No. 23 CIV. 9485 (PAE), 2024 WL 3586357, at *7 (S.D.N.Y. July 30, 2024) (same); *Kane v. Univ. of Rochester*, No. 23-CV-6027-FPG, 2024 WL 1178340, at *5 (W.D.N.Y. Mar. 19, 2024) (same); R.C. v. Walgreen Co., No. EDCV 23-1933 JGB (SPX), 2024 WL 2263395, at *15 (C.D. Cal. May 9, 2024) (alleging subsequent disclosure would amount to state claim for invasion of privacy). Where Trulieve is not a covered entity under HIPAA, these allegations are not entitled to a presumption of truth. Plaintiff also has failed to state a claim for intrusion upon seclusion (*see* p. 4-5, above), and so cannot rely on that as a basis for overcoming the tort crime exception of the ECPA.

Lastly, the allegation that Trulieve had the intent to trespass and commit fraud under the facts as alleged require Plaintiff to have a property interest in his personal information, which, as addressed above and in the Motion to Dismiss, is an unsupported legal conclusion. *Fraga v. UKG, Inc.*, 22-20105-CIV, 2022 WL 19486310, at *11 (S.D. Fla. May 10, 2022) ("[T]he allegation that Plaintiffs have a property interest in their PII is a legal conclusion, and an unsupported one at that. It is therefore entitled to no assumption of truth."). Accordingly, Plaintiff fails to state a claim under the ECPA.

11

**CONCLUSION**

The Amended Complaint must be dismissed because Plaintiff lacks standing and otherwise fails to state a claim for each count he attempts to assert.

Date:  April 10, 2025

Respectfully submitted,

By: /s/ *Grace L. Mead*
GRACE L. MEAD
Florida Bar No. 49896
gmead@stearnsweaver.com
ANDREA N. NATHAN
Florida Bar No. 16816
anathan@stearnsweaver.com
HANNAH E. MURPHY
Florida Bar No. 1032759
hmurphy@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida  33130
Telephone: 305-789-3200
(305) 789-3200
Facsimile:  305-789-3395
(305) 789-3395

*Attorneys for Defendant, Trulieve, Inc.*

**CERTIFICATE OF WORD COUNT**

Pursuant to Northern District of Florida Rule 7.1(F), I HEREBY CERTIFY that the foregoing Response, including body, headings, quotations, and footnotes,

and excluding those portions exempt by Local Rule 7.1(F), contains 3,185 words as measured by Microsoft Office for Word.

s/ Grace L. Mead
GRACE L. MEAD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Grace L. Mead
GRACE L. MEAD

13

# SERVICE LIST

**KATHERINE M AIZPURU**
TYCKO & ZAVAREEI LLP -
WASHINGTON DC
2000 PENNSYLVANIA AVENUE NW
SUITE 1010
WASHINGTON, DC 20006
202-973-0900
Email: kaizpuru@tzlegal.com
*PRO HAC VICE*

**ARTURO JOSE PENA MIRANDA**
STERLINGTON PLLC - NEW YORK NY
ONE WORLD TRADE CENTER
285 FULTON STREET
85TH FLOOR
NEW YORK, NY 10007
407-839-4200
Email: arturo.pena@sterlingtonlaw.com
*Counsel for Plaintiff Mark Robinson and
the Proposed Classes*